CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 17, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAMES PAUL DESPER, ) | |
|    Petitioner, ) | Case No. 7:24-cv-00506 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN PHILLIP WHITE, ) | Senior United States District Judge |
|    Respondent. ) | |

## MEMORANDUM OPINION

James Paul Desper, a Virginia inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of a 2010 conviction in the Circuit Court of Augusta County. For the following reasons, the court concludes that the petition must be dismissed as untimely.

## Background

On August 26, 2010, Desper was sentenced to a term of imprisonment of three years for failure to register as a sex offender, in violation of Virginia Code § 18.2-472.1. The sentence was ordered to run consecutively to sentences imposed in other cases for rape and forcible sodomy. Although Desper appealed the rape and sodomy convictions, he did not appeal his conviction or sentence for failure to register as a sex offender. See Pet., ECF No. 1, at 2; Mem. Supp. Pet., ECF No. 1-1, at 2.

On July 27, 2024, Desper executed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254. Desper claims that his conviction for failure to register as a sex offender should be vacated on the basis that the statute setting forth the registration requirements—Virginia Code § 9.1-903—violates the First Amendment and is unconstitutionally overbroad. See Mem. Supp. Pet. at 3–9. Although Desper acknowledges that he filed the petition outside

the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1), he argues that he qualifies for the "actual innocence exception." Pet. at 13; see also Arg. in Supp. of Timeliness, ECF No. 7, at 4–5 ("An unconstitutional law is void . . . . An offense created by such a law is not a crime . . . . If this was not a crime, I am actually innocent of committing the alleged offense.").

## Discussion

Under § 2244(d)(1), a one-year period of limitation applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The period of limitation runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under subsection (A), the one-year period began to run from the date on which Desper's conviction for failure to register as a sex offender became final. According to Desper's petition and state court records available online, the Circuit Court entered judgment against Desper on August 26, 2010. His conviction became final on Monday, September 27,

2010, when his time to file an appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6(a) (providing that a notice of appeal must be filed within thirty days after entry of final judgment). Because Desper did not file the instant petition until July 2024, more than thirteen years later, the petition is clearly untimely under § 2241(d)(1)(A).

Desper does not allege that any unconstitutional state action prevented him from filing a habeas corpus petition. Nor does he seek relief based on a newly recognized constitutional right. Accordingly, subsections (B) and (C) of § 2241(d)(1) do not apply. Additionally, Desper does not claim that he has recently learned facts about his conviction which were not previously known to him and which he could not have previously discovered through the exercise of due diligence. Consequently, subsection (d) does not apply, and Desper's petition is statutorily untimely.

As noted above, Desper argues that his untimely filing should be excused on the basis that he is actually innocent of the offense at issue. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or the] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (second alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Thus, the actual innocence exception is "not satisfied by

3

showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (internal quotation marks omitted).

Desper has identified no new evidence suggesting that he is factually innocent of the offense of failure to register as a sex offender. Instead, Desper contends that he is actually innocent because the statutory registration requirements are unconstitutional. Desper's challenges to the constitutionality of Virginia Code § 9.1-903 present purely legal questions. See Bailey v. Commonwealth, 70 Va. App. 634, 640, 830 S.E.2d 62, 65 (Va. Ct. App. 2019) ("Appellant's challenge to the constitutionality of a statute presents a question of law that we review de novo."); see also Miller v. Raytheon Co., 716 F.3d 138, 148 (5th Cir. 2013) ("The constitutionality of a state statute is a question of law reviewed de novo."). Because Desper's claim of actual innocence is premised on alleged legal insufficiencies rather than his factual innocence, it does not satisfy the actual innocence exception to the one-year limitation period. Bousley, 523 U.S. at 623; see also Hendershott v. Strong, 753 F. App'x 320, 321 (5th Cir. 2019) ("[L]egal claims challenging the offenses charged and the constitutionality of the statute do not demonstrate actual innocence in this context.").

## Conclusion

For the reasons stated, the court concludes that Desper's petition must be dismissed as untimely. An appropriate order will be entered.

Entered: October 16, 2024

Mike Urbanski
Senior U.S.District Judge
2024.10.16 15:42:57
-04'00'

Michael F. Urbanski
Senior United States District Judge